**Jagtar SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–70432.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 22, 2010.

Ajai Mathew, Esq., Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Douglas E. Ginsburg, Senior Litigation Counsel, John D. Williams, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jagtar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision terminating a prior grant of asylum and denying his application for asylum, withholding of removal and protec-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the agency's termination of asylum and adverse credibility finding based upon Singh's submission of fraudulent receipts purportedly confirming that he donated money to the All India Sikh Student Federation. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004) (fraudulent documents going to the heart of the claim may justify an adverse credibility finding); *see also* 8 C.F.R. § 1208.24(f). Therefore, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's CAT claim is based on the same testimony the agency found not credible, and he points to not other evidence demonstrating a likelihood of torture, substantial evidence supports the agency's denial of CAT relief. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.